MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rajesh Kumur Mathurdas-Patel,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No.    CV-26-02125-PHX-SPL (JFM)

**ORDER TO SHOW CAUSE**

Petitioner, through counsel, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention, a Motion for Appointment of Counsel (Doc. 3), a Motion for a Preliminary Injunction (Doc. 4), and a Motion for Limited Discovery (Doc. 5). The Court will order Respondents to show cause why the Petition should not be granted, grant the Motion for Appointment of Counsel, grant the Motion for Limited Discovery subject to Respondents' objections, and deny without prejudice the Motion for a Preliminary Injunction.

**I.    Petition**

Petitioner is a citizen and national of India who came to the United States in 2000. In January 2000, an immigration judge ordered Petitioner removed from the United States. Petitioner contends he was released under an order of supervision and, for the next quarter century, attended his check-ins with Immigration and Customs Enforcement (ICE). However, when he attended his June 4, 2025 check-in, his supervision was revoked without

a pre-deprivation hearing and he was taken into custody. Petitioner has been detained since that time.

Petitioner alleges Respondents have not provided notice of the reasons for the revocation of his release or complied with the applicable regulations regarding revoking Orders of Supervision: 8 C.F.R. § 241.4(l)(1)-(2) and 8 C.F.R. § 241.13(i). Petitioner also alleges his removal is not substantially likely to occur in the reasonably foreseeable future and, as a result, his detention is impermissible. *See Zadvydas v. Davis*, 533 U.S. 678, 689 (holding that 8 U.S.C. § 1231 "does not permit indefinite detention"). He also claims his detention pending removal to a third country violates the Fifth Amendment because he has not received sufficient notice of the proposed third country and an opportunity to request relief from removal to that country.

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

## II.     Pending Motions

### A.     Motion for Appointment of Counsel

In the Motion for Appointment of Counsel, Assistant Federal Public Defender Elizabeth M. Hannah requests the Court appoint counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). Ms. Hannah states Petitioner is likely to succeed on his claims but "does not have the wherewithal to litigate this complex challenge to his indefinite detention by immigration officials on his own from a jail cell where he does not have the documentation necessary to refute the government's case for continued detention."

The Court, in its discretion, will appoint Assistant Federal Public Defendant Elizabeth M. Hannah to represent Petitioner in this action. The Clerk of Court must enter the appearance of Assistant Federal Public Defendant Hannah on behalf of Petitioner in this action.

. . . .

### B.    Motion for Limited Discovery

Petitioner alleges that because he is detained, he does not have access to documents to substantiate the allegations in his Petition, but asserts Respondents are "certain to have these documents in their possession." He requests the Court order Respondents to provide four categories of materials including his A-file, communications with diplomatic representatives of India regarding travel documents to facilitate Petitioner's removal to India, documents relating to periodic custody reviews for the time Petitioner has been in ICE custody, and documents relating to any determination regarding whether there is a significant likelihood of removing Petitioner in the reasonably foreseeable future.

The Court will grant Petitioner's Motion for Limited Discovery subject to Respondents' objections. The parties will be required to first meet and confer regarding any objections and, if an impasse is reached, must notify the Court no later than the time Respondents respond to this Order to Show Cause. Respondents must otherwise provide the requested documents no later than the time Respondents respond to this Order to Show Cause.

### C.    Motion for Preliminary Injunction

Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture. Therefore, the Court will deny the Motion without prejudice.

**IT IS ORDERED:**

(1)    Petitioner's Motion for Appointment of Counsel (Doc. 3) is **granted**.

(2)    Assistant Federal Public Defendant Elizabeth M. Hannah is appointed to represent Petitioner in this action. The Clerk of Court must enter the appearance of Assistant Federal Public Defender Hannah on behalf of Petitioner in this action.

(3)    Petitioner's Motion for a Preliminary Injunction (Doc. 4) is **denied without prejudice**.

(4)    Petitioner's Motion for Limited Discovery (Doc. 5) is **granted** subject to Respondents' objections. Any disputes regarding discovery must be filed no later than

**April 6, 2026**.  Absent objections, Respondents must respond to the requests for documents no later than **April 6, 2026**.

(5)     Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(6)     If not already issued, the Clerk of Court must issue any properly completed summonses.

(7)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(8)     Respondents must show cause no later than **April 6, 2026**, why the Petition should not be granted.

(9)     Petitioner may file a reply no later than **April 8, 2026**.

Dated this 31st day of March, 2026.

Honorable Steven P. Logan
United States District Judge

- 4 -